[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case came before this court for trial on the merits on January 8, 1997. The defendant appeared pro se. The plaintiff, whose primary language is not English, was accompanied at all stages of the trial by a duly sworn translator.
The claim that the plaintiff makes in his complaint is that on May 10, 1992 while he was a pedestrian in a parking area at 516 Sawmill Road in West Haven, the defendant, while operating his motor vehicle "struck the plaintiff in the legs, causing him to fall backwards, landing on his back and sustain [sic] the serious injuries and losses hereinafter set forth." The only CT Page 452 losses stated by the plaintiff were personal injuries, with no allegation of property damage. The plaintiff testified at trial that he did not sustain a permanent injury, did not lose time from work, did not seek medical treatment for two weeks after the incident and was never x-rayed. He claimed to have had pain for approximately three months.
The testimony concerning the events at issue was in stark conflict. As the plaintiff's counsel observed in oral argument, when the parties' versions of events are diametrically opposed, a court is warranted in giving particular weight to the testimony of neutral observers who are not parties to the lawsuit.
In this case, there was such a witness, a tenant of a building abutting the parking lot who observed the events at issue from her second floor balcony. The tenant testified that the plaintiff had on many occasions sat parked in his car in the parking lot at 516 Sawmill Road blaring music from his car's sound equipment. No witness gave any explanation why the plaintiff did this, and there was no indication that this conduct was directed at the tenant who testified. When this conduct had been in progress for forty-five minutes in the early evening of May 10, 1992, the tenant called the defendant, who owned the property, and asked him to address the situation. The court finds that the defendant arrived in his van about ten minutes later, heard the very loud music, and tried to call out to the plaintiff to stop it. When the plaintiff did not hear him, the defendant reached into the open hatchback and seized the car's speakers and put them on the asphalt behind the plaintiff's car, thereby disconnecting the wiring. The plaintiff got out of his car and behaved in an excited manner. The defendant retreated to his van and the plaintiff grabbed at the handle of the door of the van but was unable to open it.
The plaintiff did not contest the accuracy of a diagram showing the position of the vehicles at that point. The tenant testified to the effect that the speakers were at the rear of the plaintiff's car. Since the defendant's van was perpendicular to the plaintiff's car, the speakers were not in front of the van but to its right side. The plaintiff stood in front of the van after the defendant had started it up in an attempt to leave. The tenant testified that the van edged forward and stopped; and that only after the van had stopped, did the plaintiff fall backward. The plaintiff claims that the defendant drove the van against a speaker and that he was pushed and knocked backward by the CT Page 453 speaker. The position of the vehicles and the testimony of the tenant negate the plaintiff's description.
Because of the speed of events, the defendant was not able to tell either the police or this court whether the van had even come into contact with the plaintiff or whether he fell because of his own movements. The court finds on the basis of the testimony of the tenant that the van did not strike the plaintiff.
Since the plaintiff did not prove that he fell because the defendant struck him, as pleaded, and since he never amended his complaint to include any other allegation, this court finds that the plaintiff has not proven his claim. The court is unable to find that more probably than not the plaintiff was struck by the defendant as opposed to falling by his own action or by stepping back and tripping on the speakers that were on the ground.
The plaintiff's credibility is lessened by the fact that his responses in discovery were shown to be at variance with his responses in other lawsuits he has brought.
The plaintiff has failed to prove liability by a fair preponderance of the evidence, and judgment shall enter in favor of the defendant, who shall recover his statutory court costs upon application to the clerk.
Beverly J. Hodgson Judge of the Superior Court